**Roland C. SPERBERG, Petitioner–Appellant,**

v.

**Helen J. MARBERRY, Respondent–Appellee.**

No. 09–2750.

United States Court of Appeals, Seventh Circuit.

Submitted June 17, 2010.*

Decided June 23, 2010.

Roland C. Sperberg, Terre Haute, IN, pro se.

Gerald A. Coraz, Attorney, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before FRANK H. EASTERBROOK, Chief Judge, JOHN L. COFFEY, Circuit Judge and ANN CLAIRE WILLIAMS, Circuit Judge.

**Order**

The judgment of the district court dismissing Sperberg's petition under 28 U.S.C. § 2241 for want of jurisdiction is incompatible with *Collins v. Holinka,* 510 F.3d 666 (7th Cir.2007), which holds that a prisoner's use of the one collateral attack allowed under 28 U.S.C. § 2255(h) does not deprive a district court of subject-matter jurisdiction to entertain a later petition under § 2241. Whether the proceeding is allowable under § 2255(e) is a question on the merits; it does not affect subject-matter jurisdiction. Compare *In re Davenport,* 147 F.3d 605 (7th Cir.1998), with *Taylor v. Gilkey,* 314 F.3d 832 (7th Cir.2002).

On remand, the district court should reconsider its decision in light of *Estrada v. Holder,* 604 F.3d 402 (7th Cir.2010), and the position asserted in the brief for the respondent warden filed in this court on May 24, 2010. We leave to the discretion of the district court whether it is appropriate to appoint a lawyer to serve as *amicus curiae* in support of the position that this

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the rec- ord, we have concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

situation is covered by *Taylor* rather than *Davenport*.